IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA

JOANNE BECKNELL,

Plaintiff,

Case No. 09-CA 4692

vs.

CITY OF TALLAHASSEE,

Defendant.

_______________________________/

# Summons

CERTIFIED PROCESS SERVER # 052
SECOND JUDICIAL CIRCUIT COURT OF FLORIDA
DATE SERVED 12-16-09 TIME 12:15 PM

THE STATE OF FLORIDA:

To Each Sheriff of the State:

YOU ARE COMMANDED to serve this summons and a copy of the complaint or petition in this action on Defendant:

**CITY OF TALLAHASSEE**
**c/o Mayor John Marks**
**City Hall, 4th Floor**
**300 South Adams Street**
**Tallahassee, FL 32301**

Each defendant is required to serve written defenses to the complaint or petition on **Marie A. Mattox, P. A.**, Plaintiff's attorney, whose address is **310 East Bradford Road, Tallahassee, FL 32303**, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court, either before serve on plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on DEC 02 2009, 2009.

BOB INZER, CLERK
CLERK OF THE CIRCUIT COURT

By: ______________________
Deputy Clerk

RECEIVED
CITY OF TALLAHASSEE
CITY ATTORNEY'S OFFICE
09 DEC 16 P 12:19

EXHIBIT A

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA

JOANNE BECKNELL,

Plaintiff,

v.

CITY OF TALLAHASSEE,

Defendants.

CASE NO. 09-CA 4692
FLA BAR NO. 0739685

## COMPLAINT

Plaintiff, JOANNE BECKNELL, hereby sues Defendant, CITY OF TALLAHASSEE, and alleges:

## NATURE OF THE ACTION

1. This is an action brought under Chapter 760, Florida Statutes and 42 U.S.C. §2000e et seq..

2. This is an action involving claims which are, individually, in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs and interest.

## THE PARTIES

3. At all times pertinent hereto, Plaintiff, JOANNE BECKNELL, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class because of her gender, female, and due to the fact that he reported unlawful employment practices and was the victim of retaliation thereafter.

4. At all times pertinent hereto, Defendant, CITY OF TALLAHASSEE, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action,

Defendant has been an "employer" as that term is used under the applicable laws identified above.

5. Plaintiff has satisfied all conditions precedent to bringing this action in that she filed a charge of discrimination with the Florida Commission on Human Relations and properly removed her charge therefrom, after the expiration of 180 days, as authorized under §760.11, Florida Statutes. This action is timely brought thereafter. She is eligible for receipt of her notice of right to sue from the EEOC and it has been requested.

**STATEMENT OF THE ULTIMATE FACTS**

6. Plaintiff, a white female, was treated differently in the terms and conditions of her employment from and compared to similarly-situated male employees. Plaintiff has been employed with Defendant for about seventeen years. Since in or about November, 2001, Plaintiff has served as an Administrative Service Manager. Plaintiff's employment has had its focus in the accounting and finance professions.

7. Plaintiff's problems at work began around April 1, 2008, when Mike Tadros became Plaintiff's supervisor. Plaintiff is the only female manager on an eight-person management team reporting directly to Tadros. Plaintiff has been treated considerably worse and subjected to different terms and conditions of employment than have her male counterparts under the supervision of Tadros, including, without limitation: Tadros micro-manages Plaintiff's management decisions but not the decisions of the male managers; Tadros has imposed heightened management responsibilities on Plaintiff but not on the male managers; in or about October, 2008, Tadros imposed a dress code on Plaintiff but not on the male managers; Defendant inappropriately disciplined Plaintiff on or around October 29, 2008 for activity for which it did not discipline a male manger; Tadros has rejected around four proposed organizational charts for Plaintiff's division; Defendant approved

salary increases for the male managers in or about February, 2009, paid retroactively to June 7, 2008, but not for Plaintiff; Tadros threatens Plaintiff with "strikes" when he disagrees with her decisions; and Tadros gave Plaintiff the worse performance evaluation of her career in 2009.

8. Some of the adverse employment actions described above occurred after Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations on (FCHR) or about April 6, 2009, a charge she was forced to file because Tadros continued his abusive treatment of her- which treatment was ongoing until November 23, 2009 as discussed below. Plaintiff was thereafter subjected to disparate treatment, after reporting and/or otherwise complaining of unlawful employment practices within Defendant, thus becoming the victim of unlawful retaliation for asserting protected rights.

9. Since April 6, 2009, Tadros has told Stephen Mayfield, Manager of Gas Operations & Business Development for Defendant, not to associate with Plaintiff. Tadros also canceled Plaintiff's training session in June, 2009, training Plaintiff needs to meet certification requirements.

10. Because of the Defendant's refusal to correct a know problem with Tadros, Plaintiff was forced to file a second charge of discrimination with FCHR on or about September 23, 2009 to report and rectify Defendant's unlawful practices.

11. Defendant subsequently again retaliated against Plaintiff on or about November 23, 2009. That day, Defendant transferred Plaintiff to a position it knew to be undesirable to Plaintiff. The position was only tangentially related to Plaintiff's profession as an accountant and therefore hampers her professional marketability and development. Defendant gave Plaintiff approximately twenty-one hours notice of her transfer to this new position; alternately, Defendant told the male with whom Plaintiff switched positions of the transfer four days prior to the transfer. This is an

advantageous transfer for the male. Tadros remains in his position, undisciplined for his abuses to Plaintiff.

12. Plaintiff has retained the undersigned to represent her interests in this cause and is obligated to pay her a fee for her services. Defendant should be made to pay said fee under the laws enumerated herein.

## COUNT I

## GENDER DISCRIMINATION

13. Paragraphs 1-12 are realleged and incorporated herein by reference.

14. This is an action against Defendant for discrimination based upon gender brought under 42 U.S.C. §2000e et seq. and Chapter 760, Florida Statutes.

15. Plaintiff has been the victim of discrimination on the basis of Plaintiff's gender in that Plaintiff was treated differently than similarly situated employees of Defendant who are not female and has been subject to hostility and poor treatment on the basis, at least in part, of Plaintiff's gender.

16. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

17. In essence, the actions of agents of Defendant, which were each condoned and ratified

by Defendant, were of a gender-based nature and in violation of the laws set forth herein.

18. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant. The events set forth herein lead, at least in part, to adverse action against Plaintiff.

19. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon gender in violation of 42 U.S.C. §2000e et seq. and Chapter 760, Florida Statutes.

20. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing.

**COUNT II**

**RETALIATION**[1]

21. Paragraphs 1-12 are hereby realleged and reincorporated as if set forth in full herein.

22. Defendant is an employer as that term is used under the applicable statutes referenced above.

23. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported unlawful employment practices adversely affecting her under 42 U.S.C § 2000e

---

1 Plaintiff acknowledges that in whole or in part, her retaliation claim is still being investigated by FCHR but gives notice to Defendant that this claim is preserved and will be formally added upon proper exhaustion of her administrative remedies. Plaintiff filed a charge of discrimination with the Florida Commission on Human Relations alleging retaliation on or about September 23, 2009.

*et seq.*, Title I of the Civil Rights Act of 1991 and Chapter 760, Florida Statutes.

24. The foregoing unlawful actions by Defendant were purposeful.

25. Plaintiff voiced opposition to unlawful employment practices during her employment with Defendant and she was the victim of retaliation thereafter, as related in part above.

26. Plaintiff is a member of a protected class because she reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

27. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages. These damages are continuing and are permanent.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendant and for Plaintiff awarding damages to Plaintiff from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiff permanently enjoining Defendant from future violations of state and federal law enumerated herein;

(e) enter judgment against Defendant and for Plaintiff awarding Plaintiff

attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 25 day of November, 2009.

Respectfully submitted,

Marie A. Mattox [FBN 0739685]
MARIE A. MATTOX, P.A.
310 East Bradford Road
Tallahassee, FL 32303
(850) 383-4800 (telephone)
(850) 383-4801 (facsimile)

ATTORNEYS FOR PLAINTIFF

IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT, IN AND FOR LEON COUNTY, FLORIDA

CASE NO.: 2009-CA-4692

JOANNE BECKNELL

Plaintiff,

vs.

CITY OF TALLAHASSEE,

Defendant.

_______________________________/

**NOTICE OF FILING NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT**

Defendant, City of Tallahassee, hereby gives notice of the filing of its Notice of Removal of this action to the United States District Court, Northern District of Florida, Tallahassee Division. A true copy of the Notice of Removal, together with the attachments, is attached hereto.

Dated this 17th day of December 2009.

Respectfully submitted,

Hetal H. Desai
Assistant City Attorney
FBN: 050938
City Attorney's Office
300 South Adams Street, Box A-5
Tallahassee, Florida 32301
(850) 891-8554/ Fax 891-8973
desaih@talgov.com
**ATTORNEY FOR DEFENDANT**

EXHIBIT B

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U. S. Mail to MARIE MATTOX, ESQ., Attorney for Plaintiff, at 310 East Bradford Rd., Tallahassee, Florida 32303 this 17th day of Dec 2009.

Hetal H. Desai